IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL TAYLOR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 06-775-DRH |
| | ) |
| **VANDALIA CORRECTIONAL CENTER,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Plaintiff, currently an inmate in the Taylorville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

      Plaintiff states that in July 2006, while working in the kitchen, another inmate lost control

of a heavily loaded cart. That cart fell over and pushed Plaintiff into a wall, causing a severe break to his left wrist. Medical personnel evaluated his condition and sent him to an outside hospital, where he was admitted. He was evaluated by an orthopedic specialist, who set his arm and provided him with a prescription for pain medication. Plaintiff claims that the prescription was insufficient to alleviate his pain; he seeks an unspecified amount in damages for his pain and suffering.

> To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. . .
> . . .
> The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."

*West v. Atkins*, 108 U.S. 42, 49 (1988), *citing United States v. Classic*, 313 U.S. 299, 326 (1941).

In this case, the only named defendant is the Vandalia Correctional Center, but Plaintiff makes no allegations that anyone at Vandalia was involved in these events. His only allegations against a specific individual involve the treatment provided to him at the hospital, but those unnamed doctors are not named as defendants; furthermore, there is no suggestion that those doctors were acting under color of state law.

As for the underlying substance of his claims, Plaintiff's allegations present, at best, a claim of medical negligence. However, the Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994) (A series of acts of negligence "is merely evidentiary; it is not an alternative theory of liability.").

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:   December 14, 2006.**

/s/   David   RHerndon
**DISTRICT JUDGE**